UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-20639-CIV-ALTONAGA/Brown

**MARCUS LENARD**,

    Plaintiff,
vs.

**COLONNADE MANAGEMENT, INC.**,

    Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court upon Plaintiff, Marcus Lenard's Motion for Relief from Order of Dismissal [D.E. 19], filed on May 22, 2009. On March 25, 2009 [D.E. 4], the Court ordered the parties to file a joint scheduling report and certificates of interested parties and corporate disclosure statements, as required by S.D. Fla. L. R. 16.1, on or before April 15, 2009. On April 14, 2009 [D.E. 8], the Court granted the parties an extension of time up to April 30, 2009, to file their certificates of interested parties. After Plaintiff, Marcus Lenard, did not comply with the March 25, 2009 Order by this deadline, the Court issued an Order [D.E. 12] on May 1, 2009, requiring Plaintiff to comply by May 8, 2009, or face dismissal with prejudice. Remarkably, Plaintiff again failed to comply with the March 25, 2009 Order, and so the Court dismissed the matter *without* prejudice [D.E. 17].

Plaintiff now seeks to have the Court reopen the matter, arguing his failure to comply with the latest Order of May 1, 2009 resulted from excusable neglect. However, Plaintiff fails to address his initial failure to comply with the March 25, 2009 Order by the April 30, 2009 deadline, and explain how non-compliance with *two* court orders qualifies as excusable neglect. Furthermore, he

CASE NO. 09-20639-CIV-ALTONAGA/Brown

does not address whether the dismissal presents a statute of limitations bar to re-filing. Accordingly, it is

**ORDERED AND ADJUDGED** that the Motion is **DENIED** without prejudice to Plaintiff filing a motion that adequately addresses these issues.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 26th day of May, 2009.

*[signature]*
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record